UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARCHRIS BATES,

               Plaintiff,               Case No. 1:09-cv-658

v.                                                 Honorable Robert Holmes Bell

VALERIE A. FOSTER et al.,

               Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been directed to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). In addition, the Court is required to dismiss an action at any time if it lacks subject-matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's claims against Defendants Foster and Kent County Defender will be dismissed for lack of subject-matter jurisdiction. His claim against the Kent County Courthouse will be dismissed for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff Marchris Bates presently is incarcerated with the Michigan Department of Corrections and housed at the Earnest C. Brooks Correctional Facility. He sues attorney Valerie A. Foster, the Kent County Office of the Defender (Kent County Defender) and the Kent County Courthouse.

In his amended complaint, Plaintiff argues that, on April 19, 2007, Defendants Foster and Kent County Defender were appointed by the Kent County Circuit Court to defend Plaintiff against criminal charges that had been brought against him. Plaintiff alleges that, after a "sham trial" he was acquitted on the original charges but convicted of a lesser included offense. (Am. Compl., 3, docket #7.) On July 18, 2008, Plaintiff filed a "legal malpractice suit" (*id.*) in the Muskegon County Circuit Court, naming Foster and the Kent County Defender as defendants. (*See* Ex. 1 to Compl. at E-8 to E-12, docket #1-2 at 13-17.) In that action, Plaintiff alleged that Foster and the Kent County Defender committed a variety of actions during their criminal representation that, among other things, violated Plaintiff's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. On September 22, 2008, the Muskegon County Circuit Court denied defendants' motion for summary disposition and ordered the state-court action transferred to the Kent County Circuit Court on the basis of venue. Plaintiff alleges that he subsequently filed a motion in the Kent County Circuit Court on October 20, 2008, indicating his case number as 08-46096-CZ, the case number assigned in the Muskegon County Circuit Court. He alleges that Kent County Judge Lieber and a deputy clerk of court responded to his motion by informing him that no

such case was pending in the Kent County Circuit Court. Plaintiff thereafter filed a variety of other motions and pleadings to which he has received no response.

For relief, Plaintiff asks that all the filing fees he paid to the state courts be transferred to this Court and applied toward his $350.00 filing fee in this action. He also asks that this Court preside over the remainder of his state malpractice action against Defendants Foster and Kent County Defender. In addition, he adds a claim of malpractice against the Kent County Courthouse, alleging that it has been negligent in disposing of his case. Finally, he seeks compensatory damages in the amount of $700,000,000.00.

## II. Subject-Matter Jurisdiction

Plaintiff's amended complaint against Defendants Foster and Kent County Defender essentially seeks removal of his state-court action to this Court for all further proceedings. Plaintiff, however, elected to file his action in the state court. Although this Court has jurisdiction to remove certain actions from the state courts upon the timely request of a defendant or defendants, *see* 28 U.S.C. §§ 1441, 1446, the Court lacks jurisdiction to remove any action at the request of a plaintiff. *See Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, (1954) (§ 1441(a) does not permit a plaintiff to remove a state-court action). This Court therefore lacks jurisdiction to remove Plaintiff's state-court action for further proceedings in this Court.

## III. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In his amended complaint, Plaintiff names the Kent County Courthouse as a party Defendant. The courthouse is a building, not an entity capable of being sued in its own right. However, construing plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Kent County. Kent County may only be liable

under § 1983 when its policy or custom causes the injury. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978). In a municipal liability claim, the finding of a policy or custom is an essential element that must be alleged and proved. *Doe v. Claiborne County*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-09. It is the Court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe County*, 117 S.Ct. 1734, 1736-37 (1997). A local government such as Kent County may not be sued in an action under § 1983 for an injury inflicted solely by its employees or agents. *Monell*, 436 U.S. at 694 (1978); *Collins v. City of Harker Heights*, 503 U.S. 117, 121 (1992).

Plaintiff wholly fails to allege the existence of a county policy or custom that deprived him of his rights, nor has he alleged facts that would support such an allegation. Indeed, he alleges no more than that some unidentified employees of the circuit court were negligent in handling his pending state-court action. "Neither negligence . . . nor the doctrine of respondeat superior . . . can provide the basis for § 1983 municipal liability." *Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 904 (6th Cir. 2004) (citing *Daniels v. Williams*, 474 U.S. 327, 330 (1986), and *Monell*, 436 U.S. at 691). Plaintiff therefore fails to state a claim against Kent County.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action against Defendants Foster and Kent County Defender will be dismissed for lack of subject-matter jurisdiction. Plaintiff's claim against the Kent County Courthouse will be dismissed for failure to state a claim.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated: August 25, 2009                    /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE